UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IVAN LUIS FABREGAS COLINA,

    Petitioner,

v.

WARDEN GLADES DETENTION
FACILITY, ACTING DIRECTOR
TODD M. LYONS, ATTORNEY
GENERAL PAMELA JO BONDI,
US ATTORNEY FOR THE
MIDDLE DISTRICT OF FLORIDA,

    Respondents.

Case No. 2:26-cv-84-KCD-NPM

# **ORDER**

This case presents a collision between a habeas petitioner's desire to remain in the country while his legal claims are heard and the strict limits Congress has placed on the power of district courts to interfere with immigration enforcement.

Ivan Luis Fabregas Colina is a noncitizen currently in the custody of Immigration and Customs Enforcement (ICE). He has filed a petition for a writ of habeas corpus, arguing that his detention is unlawful because an Immigration Judge ordered his release on bond—an order he says ICE has

simply ignored. (Doc. 1.)[1] While that petition was pending, ICE moved Colina from Florida to Texas. Fearing that his removal from the United States is imminent, he now seeks immediate injunctive relief. (Doc. 7.) He asks this Court to stop ICE from deporting him or transferring him further, arguing that such actions would defeat our jurisdiction and deny him access to counsel. (*Id.* at 2-3.)

Colina's predicament is understandable. He worries that his request for habeas relief will become academic if he is removed. But federal courts have limited jurisdiction, possessing only the power authorized by the Constitution and statute. And when it comes to the execution of removal orders, Congress has spoken with clarity: this Court cannot do what Colina asks.

## I. Legal Standard

To obtain a temporary restraining order or a preliminary injunction, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

## II. Discussion

The central obstacle to Colina's request is 8 U.S.C. § 1252. In that statute, Congress stripped district courts of jurisdiction to review challenges related to the execution of removal orders. The relevant provision is explicit:

> Except as provided in this section and notwithstanding any other provision of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). The Supreme Court has read this language narrowly but strictly. It applies to three specific discretionary actions: the decision to commence proceedings, to adjudicate cases, and—crucially for this case—to "execute removal orders." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999).

Colina asks this Court to enjoin ICE from removing him from the United States. (Doc. 7 at 2.) But an order stopping the government from deporting a noncitizen is, by definition, an order interfering with the "decision or action . . . to execute removal orders." 8 U.S.C. § 1252(g). Under § 1252(g), a district court simply has no business entering such an order. *See*

3

*Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1271 (11th Cir. 2021). If a detainee wishes to challenge the validity of a removal order or obtain a stay of removal, he must look elsewhere. *See, e.g.*, *Edwin M.-N. v. Green*, No. CV 19-6096 (KM), 2019 WL 13299141, at *2 (D.N.J. Feb. 19, 2019) ("Courts across the country have thus found that they are barred from staying removal, even when the court might otherwise have jurisdiction over the [underlying] claims presented.").

Because § 1252(g) removes this Court's power to act, Colina's request to enjoin removal from the United States must be denied. *See, e.g.*, *Torres-Mejia v. Trump*, No. 1:25-CV-1623, 2025 WL 3684258, at *9 (W.D. Mich. Dec. 19, 2025) ("Because a general request for a stay of removal would concern a decision or action by the Attorney General to . . . execute removal orders, the Court finds that § 1252(g) precludes [its] jurisdiction over such claims.").

Colina's request to prohibit further transfers within the United States also falls short. He argues that an injunction is necessary to "preserve this Court's jurisdiction." (Doc. 7 at 3.) This concern, while understandable, fails to properly apprehend the nature of habeas jurisdiction. "[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian." *Villa v. Normand*, No. 5:25-CV-89, 2025 WL 3113200, at *4 (S.D. Ga. Oct. 16, 2025). So an order enjoining

Colina's transfer is superfluous. We do not issue injunctions to prevent harms that are legally impossible. *Cf. Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985); *Major v. Warden, FCC Coleman - Low*, No. 5:18-CV-269-OC-02PRL, 2019 WL 4194673, at *1 (M.D. Fla. Sept. 4, 2019).

Finally, the Court must address Colina's broader contention that any further transfer will inevitably "impair [his] access to counsel" and frustrate his ability to litigate this case. (Doc. 7 at 2.) This argument fails because it substitutes a hypothesis for evidence. Colina asserts that moving him to a different facility will sever his connection to his attorneys, but he offers no concrete reason why this must be so. He does not allege that a future facility would deny him telephone privileges, bar video conferencing, or intercept privileged mail. In a world where legal representation is routinely accomplished across great distances through electronic filing and remote communication, we cannot assume that physical proximity is a prerequisite for due process. Without a specific showing that ICE intends to transfer him to a location that actually precludes communication, Colina's fear of future impairment is too speculative to support the extraordinary remedy of injunctive relief.

### III. Conclusion

Colina raises serious claims in his underlying habeas petition regarding the Government's alleged failure to honor a bond order. Those

5

claims remain pending. But the specific relief requested in this emergency motion—an order halting removal and transfer—is not available. The Court cannot use the All Writs Act or inherent authority to bypass a specific statutory jurisdictional bar enacted by Congress. *See Rodriguez v. Acting Dir. U.S. Immigr. & Customs Enf't, Miami Field Off.*, No. 2:26-CV-2-KCD-DNF, 2026 WL 83972, at *2 (M.D. Fla. Jan. 12, 2026). For these reasons, Colina's emergency motion for injunctive relief (Doc. 7) is **DENIED**.

**ORDERED** in Fort Myers, Florida on January 28, 2026.

Kyle C. Dudek
United States District Judge